KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Alfonso Aguila Olarte,<br><br>Petitioner,<br><br>v.<br><br>United States Immigration and Customs Enforcement, et al.,<br><br>Respondents. | No.   CV-25-01662-PHX-DLR (ESW)<br><br>**ORDER** |

Petitioner Victor Alfonso Aguila Olarte, who is confined in the San Luis Detention Center in San Luis, Arizona, filed a pro se Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. In a May 27, 2025 Order, the Court directed Petitioner to pay the filing fee or file an Application to Proceed In Forma Pauperis. On June 23, 2025, Petitioner paid the filing fee. On June 28, 2025, Petitioner filed, through counsel, an Amended § 2241 Petition (Doc. 12). Also pending before the Court are Petitioner's Motion for Assistance (Doc. 8); Application to Proceed In Forma Pauperis (Doc. 9); Motion to Appoint Counsel (Doc. 11), Motion for Preliminary Injunction (Doc. 13); and Motion for Discovery (Doc. 14). The Court will deny as moot the Motion for Assistance and Application to Proceed; grant the Motion to Appoint Counsel; require a response to the Motion for Discovery and Motion for Preliminary Injunction; and require an answer to the Amended Petition.

. . . .

. . . .

TERMPSREF

## I. Motion for Assistance and Application to Proceed

In his Motion for Assistance, Petitioner states that he does not have funds to cover the filing fee. Petitioner then filed an Application to Proceed In Forma Pauperis and paid the filing fee. Because Petitioner has paid the filing fee, the Court will deny as moot the Motion for Assistance and Application to Proceed.

## II. Motion to Appoint Counsel

Petitioner moves for the appointment of counsel. The Court finds appointment of counsel in this matter is in the interests of justice and will grant the Motion. 18 U.S.C. § 3006A(a)(2)(B).

## III. Amended Petition

In his Amended Petition, Petitioner names the following Respondents: San Luis Regional Detention Center Warden David R. Rivas, San Diego Field Office Director Gregory J. Archambeault, United States Attorney General Pamela Jo Bondi, and United States Secretary of Homeland Security Kristi Noem. Petitioner seeks release from custody under supervision.

Petitioner was born in Columbia in 1985. On June 10, 2022, he applied for entry to the United States at the Otay Mesa Port of Entry and was paroled into the United States. On February 14, 2024, Petitioner was arrested and charged with one count of transporting illegal aliens. Petitioner entered into a plea agreement in which he agreed to plead guilty to one count of misdemeanor accessory after the fact to illegal entry. Petitioner was sentenced to one year of unsupervised probation. On May 7, 2024, Petitioner was transferred to U.S. Immigration and Customs Enforcement's (ICE) custody and has been in immigration custody since that date.

Petitioner was placed into removal proceedings. Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture Act (CAT). On December 19, 2024, Petitioner was ordered removed to Columbia and granted deferral of removal under the CAT because of his fear of torture if he returned to Columbia. Petitioner contends that "upon information and belief" he was not granted withholding

1  removal due to his misdemeanor conviction and because the immigration judge determined
2  the facts surrounding Petitioner's conviction met the "imminent danger to the community"
3  standard, "despite the fact that [Petitioner's conviction] was a misdemeanor and that he
4  was sentenced to one year of unsupervised probation." The Government did not appeal
5  the grant of deferral of removal under the CAT. Petitioner was transferred to the San Luis
6  Regional Center and remains detained there.

7  The Immigration Judge designated Petitioner's county of removal as Columbia but
8  also deferred his removal to Columbia based on his fear of torture if he were to return.
9  Petitioner states that ICE has attempted to improperly remove him to Argentina, Chile, and
10 Peru. Petitioner contends removal to any of these countries is not likely in the reasonably
11 foreseeable future because none is willing to accept Petitioner for deportation and such a
12 removal would be contrary to the direct order of the Immigration Judge. As of June 27,
13 2025, ICE "has been unsuccessful in obtaining travel documents to facilitate [Petitioner's]
14 return to Colombia . . . or removal to Argentina, Chile, or Peru . . . ."

15 Petitioner raises two grounds for relief:

(1) "[Petitioner's] detention in immigration custody violates the Due Process Clause of the Fifth Amendment because there is no realistic possibility of his being removed from the United States in the foreseeable future"; and

(2) "[Petitioner's] detention in immigration custody pending removal to any third country violates the Due Process Clause of the Fifth Amendment because ICE has not given him sufficient notice of the proposed third country and an opportunity to request deferral or withholding of removal to that country under CAT."

24 The Court will require Respondent to answer the Petition.

25 **IV.  Motion for Preliminary Injunction and Motion for Discovery**

26 Petitioner seeks a preliminary injunction ordering his immediate release from
27 custody. The Court will require a response to the Motion.
28 . . . .

In the Motion for Discovery, counsel states that the allegations in the Amended Petition come primarily from counsel's interview with Petitioner because Petitioner does not have access to documents "that may substantiate the allegations in the petition." Counsel seeks relevant documents including, but limited to: Petitioner's entire A-file; transcripts of Petitioner's immigration court hearings that led to the order of removal and deferral of removal; all requests from ICE to the Colombian, Argentinian, Chilean, or Peruvian Embassies pertaining to travel documents; all documents relating to periodic custody reviews; and all documents relating to whether there is a significant likelihood of removing Petitioner in the reasonably foreseeable future.

The Court will order Respondents to respond to the Motion for Discovery.

**IT IS ORDERED:**

(1)  Petitioner's Motion for Assistance (Doc. 8) and Application for Leave to Proceed In Forma Pauperis (Doc. 9) are **denied** as moot.

(2)  Petitioner's Motion to Appoint Counsel (Doc. 11) is **granted**. Pursuant to 18 U.S.C. § 3006A(a)(2)(B), Assistant Federal Public Defender Keith Hilzendeger is appointed to represent Petitioner in this case.

(3)  The Clerk of Court must serve a copy of the Summons, the Amended Petition (Doc. 12), the Motion for Preliminary Injunction (Doc. 13), the Motion for Discovery (Doc. 14), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(4)  Respondents must answer the Petition within 20 days of the date of service. Respondents shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

. . . .

TERMPSREF

(5) Petitioner may file a reply within 30 days from the date of service of the answer.

(6) Respondents must file responses to the Motion for Preliminary Injunction (Doc. 13) and Motion for Discovery (Doc. 14) within **10 days** of the date of service. Petitioner may file replies within **5 days** of the date of the Response.

(7) Regarding courtesy copies of documents for chambers, the parties are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(8) This matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 16th day of July, 2025.

Douglas L. Rayes
Senior United States District Judge

TERMPSREF