# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Alfonso Aguilar Olarte,<br><br>                 Petitioner,<br><br>v.<br><br>United States Immigration and Customs Enforcement, et al.,<br><br>                 Respondents. | No. CV-25-01662-PHX-DLR (ESW)<br><br>**ORDER** |

On April 22, 2025, Victor Alfonso Aguilar Olarte ("Petitioner") filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Doc. 1). The Court subsequently appointed counsel, who filed an Amended Petition (Doc. 12) and Motion for Preliminary Injunction (Doc. 13) on June 28, 2025. The Amended Petition states that Petitioner was born in Columbia and has been detained by Immigration and Customs Enforcement ("ICE") since May 2024. (Doc. 12 at 4.)

Pending before the Court is Petitioner's "Motion for Limited Discovery in Support of Amended Petition for a Writ of Habeas Corpus and Motion for a Preliminary Injunction" (Doc. 14). The Court has reviewed the Motion (Doc. 14), Respondents' Response (Doc. 24), and Petitioner's Reply (Doc. 26). In his Motion (Doc. 14), Petitioner seeks discovery of specific documents to support his habeas claim that his detention by ICE is unconstitutional under the Fifth Amendment as interpreted in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner asserts that there is no significant likelihood of removal in the

reasonably foreseeable future because an immigration judge has granted him deferral of removal to Colombia and no other country has indicated willingness to accept him. (Doc. 14 at 1-2; Doc. 26 at 2.)

Although a habeas proceeding is a civil suit, a habeas petitioner "does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999); *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A court considering a habeas corpus petition is ordinarily limited to the record before it. *See Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). However, under Rule 6(a) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, a court may grant a habeas petitioner's discovery request upon a showing of good cause. *Bracy*, 520 U.S. at 904. Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief[.]" *Id.* at 908-09. The Ninth Circuit Court of Appeals has cautioned that courts "should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court for the Northern Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996).

Here, Petitioner's habeas claim under *Zadvydas* turns on whether there is a "significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. Petitioner alleges that he has been granted deferral of removal to Colombia due to torture concerns, and that ICE's efforts to secure acceptance from Argentina and Chile have been unsuccessful. (Doc. 26 at 2.) The Declaration of Supervisory Detention and Deportation Officer Marielle Ceja states that Argentina and Chile have declined to accept Petitioner for removal. (Doc. 24-2 at ¶ 20.) The Declaration further indicates that requests to Peru and Mexico remain pending. (*Id.* at ¶¶ 21, 25.) Officer Ceja concludes there is a "significant likelihood [Petitioner] will be removed in the foreseeable future." (*Id.* at ¶ 28.) Respondents have not provided the underlying documents on which Officer Ceja relied in her Declaration.

The Court finds good cause for limited discovery. The Court finds that Petitioner's

discovery request is narrowly tailored to the *Zadvydas* inquiry and necessary to fully develop the factual record regarding the likelihood of removal. *See Batyuchenko v. Reno*, 56 F. Supp. 2d 1163, 1164 (W.D. Wash. 1999) (ordering further inquiry into the likelihood of a petitioner's deportation). Accordingly,

**IT IS ORDERED** granting Petitioner's "Motion for Limited Discovery in Support of Amended Petition for a Writ of Habeas Corpus and Motion for a Preliminary Injunction" (Doc. 14). Respondents shall provide to Petitioner all six categories of documents specified in Petitioner's Motion (Doc. 14 at 2-3) within **fourteen days** of this Order.

**IT IS FURTHER ORDERED** granting Petitioner's "Motion for a Contingent Extension of Time to File Reply in Support of the Petition for Writ of Habeas Corpus and the Motion for a Preliminary Injunction" (Doc. 27). Petitioner shall file his Reply in support of the Amended Petition (Doc. 12) and Motion for a Preliminary Injunction (Doc. 13) no later than **seven days** from the date Respondents provide to Petitioner the above-reference documents.

Dated this 14th day of August, 2025.

Eileen S. Willett
United States Magistrate Judge